UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant(s). | Case No. 2:19-CV-1534 JCM (DJA)<br><br>ORDER |

Presently before the court is the defendant Bank of America, N.A.'s ("BANA") motion to dismiss. (ECF No. 9). Plaintiff SFR Investments Pool 1, LLC ("SFR") filed its response, (ECF No. 11), to which defendant replied, (ECF No. 12).

Also before the court is plaintiff's motion for summary judgment. (ECF No. 13). Defendant filed its response, (ECF No. 15), to which plaintiff replied, (ECF No. 23).

Finally before the court is defendant's motion for summary judgment. (ECF No. 17). Plaintiff filed its response, (ECF No. 24), to which defendant replied, (ECF No. 25).

**I.    Facts**

This case involves a dispute over real property located at 9168 Badby Avenue, Las Vegas, Nevada 89148 (the "property"). On May 5, 2006, Linton A.K. Gamiao, Lindsey D. Gamiao, and Blossom S.F. Gamiao obtained a loan in the amount of $262,377.00 to purchase the property, which was secured by a deed of trust recorded on May 9, 2006. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On May 25, 2012, Independence Homeowners Association ("IHA"), through Terra West Collection Group, LLC, recorded a Notice of Claim of Delinquent Assessment Lien, as Instrument No. 20120525-0000957 in the Official Records of Clark County, Nevada.

On May 14, 2014, SFR obtained the property by successfully bidding on the property at a publicly-held foreclosure auction in accordance with NRS 116.3116, et. seq. ("foreclosure sale"). On May 23, 2014, the resulting foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument Number 201405230000383. IHA had a perfected lien pursuant to NRS 116.3116(1) ("Association Lien") on the property.

On September 3, 2019, SFR filed the underlying complaint, alleging one cause of action: quiet title/declaratory relief pursuant to NRS 40.10.  (ECF No. 1).

In the instant motions, BANA moves to dismiss (ECF Nos. 9), while BANA and SFR move for summary judgment (ECF Nos. 13, 17). The court will address each in turn.

**II.   Legal Standards**

*A.  Motion to Dismiss*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

. . .

*B. Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  The moving party must first satisfy its initial burden.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If

**James C. Mahan**
**U.S. District Judge**

the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

### III. Discussion

In its motion to dismiss and motion for summary judgment, BANA argues that SFR's claim is time-barred. (ECF Nos. 9 & 17). SFR's motion for summary judgment denies that it is time-barred and claims that the deed of trust remains extinguished. (ECF No. 13).

Per Fed. R. Evid. 201, this court takes judicial notice of the publicly recorded documents of the Clark County Recorder's Office, presented in defendant's exhibits A, B, C, D, E, F, and G. (ECF No. 13). However, this court does not take notice of the "disputed facts contained" therein. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

*A. BANA's Motion for Summary Judgment*

BANA argues that plaintiff's claim is time-barred by the five-year statute of limitations in NRS 11.070 and 11.080. (ECF No. 9). This court agrees that it is barred by NRS 11.070.[1] The relevant foreclosure sale occurred on May 14, 2014. (ECF No. 1). This lawsuit commenced on September 3, 2019—over five years and three months after the sale. (*Id.*).

The five-year statute of limitations commences the when the party bringing the action "was seized or possessed" the property. Nev. Rev. Stat. § 11.070. This refers to the acquisition of plaintiff's claimed property rights, i.e. the May 14, 2014 sale. Both the Ninth Circuit and Nevada Supreme Court persuasively suggest that the five-year statute of limitations applies to the instant claim. *See Las Vegas Dev. Grp., LLC v. Blaha*, 416 P.3d 233, 237 (Nev. 2018) (A claim "seeking to quiet title . . . is governed by NRS 11.080, which provides for a five-year statute of limitations."); *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1114 (9th Cir.

---

[1] This court notes that those two statutes are not interchangeable. NRS 11.080 is a narrow statute that applies to claims for the "recovery of real property," Nev. Rev. Stat. § 11.070, while NRS 11.070 applies to claims "founded upon the title to real property, or to rents or to services out of the same," Nev. Rev. Stat. § 11.080.

James C. Mahan
U.S. District Judge

- 6 -

2016) (citing NRS § 11.070) ("Under Nevada law, [homeowner] could have brought claims challenging the HOA foreclosure sale within five years of the sale.").

Plaintiff cannot contest the sale date. It instead spills ink over the difference between "quiet[ing] title" and "unencumber[ing] . . . property," and the proposition that NRS 11.070 is *not* a statute of limitations but instead a statute of repose. (ECF No. 24). Regardless, the five-year statute of limitations is the most generous available to plaintiff's claim; the catch-all provision of NRS 11.220 imposes a shorter four-year statute of limitations on "action for relief, not hereinbefore provided for." Nev. Rev. Stat. § 11.220. Plaintiff may not avoid the consequences of its untimeliness.

BANA's motion for summary judgment is granted.

*B.  BANA's Motion to Dismiss and SFR's Motion for Summary Judgment*

Because the court holds that defendant is entitled to summary judgment, the court must necessarily deny plaintiff's motion for summary judgment. (ECF No. 13). Defendant's motion to dismiss is also denied as moot. (ECF No. 9).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 13) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BANA's motion to dismiss (ECF No. 9) be and the same hereby is, DENIED as moot.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   The clerk is instructed to enter judgment and close the case accordingly.

2   DATED June 11, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**