1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                              * * *
7    SFR INVESTMENTS POOL 1, LLC,              Case No. 2:19-CV-1534 JCM (DJA)
8                            Plaintiff(s),                    ORDER
9         v.
10   BANK OF AMERICA, N.A.,
11                         Defendant(s).
12
13          Presently before the court is plaintiff SFR Investments Pool 1, LLC's ("SFR") motion for
14   reconsideration.  (ECF No. 38).  Defendant Bank of America N.A. ("BANA") responded, (ECF
15   No. 44), to which SFR replied, (ECF No. 46).
16          Also before the court is defendant's motion to strike, or in the alternative, motion for
17   leave to file sur-reply.  (ECF No. 47).  SFR responded, (ECF No. 48), to which BANA replied,
     (ECF No. 49).
18   **I.      Facts**
19          This case involves a dispute over real property located at 9168 Badby Avenue, Las
20   Vegas, Nevada 89148 (the "property").   On May 5, 2006, Linton A.K. Gamiao, Lindsey D.
21   Gamiao, and Blossom S.F. Gamiao obtained a loan in the amount of $262,377.00 to purchase the
22   property, which was secured by a deed of trust recorded on May 9, 2006.  (ECF No. 1).
23          On May 25, 2012, Independence Homeowners Association ("IHA"), through Terra West
24   Collection Group, LLC, recorded a Notice of Claim of Delinquent Assessment Lien, as
25   Instrument No. 20120525-0000957 in the Official Records of Clark County, Nevada.
26          On May 14, 2014, SFR obtained the property by successfully bidding on the property at a
27   publicly-held foreclosure auction in accordance with NRS 116.3116, et. seq. ("foreclosure sale").
     On May 23, 2014, the resulting foreclosure deed was recorded in the Official Records of the
28

**James C. Mahan**
**U.S. District Judge**

Clark County Recorder as Instrument Number 201405230000383.   IHA had a perfected lien pursuant to NRS 116.3116(1) ("Association Lien") on the property.

On September 3, 2019, SFR filed the underlying complaint, alleging one cause of action: quiet title/declaratory relief pursuant to NRS 40.10.  (ECF No. 1).

On June 11, 2020, this court granted defendant's motion for summary judgment, (ECF No. 17), on the basis of timeliness.  (ECF No. 36).  Plaintiff's motion for summary judgment, (ECF No. 13), and defendant's motion to dismiss, (ECF No. 9), were denied accordingly.  (*Id.*).

Now, plaintiff moves to reconsider this court's order, (ECF No. 36), in light of an intervening change in controlling law.  (ECF No. 38).

**II.      Legal Standards**

*A.   Reconsideration*

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 887, 890 (9th Cir.2000)).

*B.   Summary Judgment*

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

James C. Mahan
U.S. District Judge

- 2 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

James C. Mahan
U.S. District Judge

- 3 -

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.  *See id.* at 249–50.

**III.    Discussion**

*A.    Defendant's motion to strike portions of plaintiff's reply*

As an initial matter, this court grants in part and denies in part defendant's motion to strike portions of plaintiff's reply.  (ECF No. 44).  Specifically, only the following statements are hereby stricken, (ECF No. 46):

- "Further, even if it needed discovery outside of its own files - which SFR disputes - the idea that the Bank had not had the opportunity to conduct discovery is disingenuous. Before the case was stayed due to the pandemic, there was less than two weeks left in the discovery period." (p. 4, lines 3-5 of the Reply).

- "When the parties submitted the stipulation to stay discovery, the Bank did not mention the need to take depositions of former employees of Miles Bauer - Douglas Miles or Rock Jung - and neither of those deposition had been previously noticed to take place within the discovery period." (p. 4, lines 6-8 of the Reply).

(ECF No. 47).  Upon review of the record, these representations of discovery are misleading— immaterial and redundant.  Fed. R. Civ. Pro. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").  Thus, although striking material pursuant to Rule 12(f) is generally disfavored, these statements are improperly before this court.  *Id.*  No further action is required on the instant motion.  *See Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation & Dev.*, No. 2:18-CV-1748-JCM-GWF, 2019 WL 1299347, at *1 (D. Nev. Mar. 21, 2019) ("Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed.").

*B.    Plaintiff's motion for reconsideration*

Plaintiff SFR moves for reconsideration of this court's June 11, 2020 order, (ECF No. 36), because at the time of briefing, the parties were not apprised of the Nevada Supreme Court's recent *en banc* opinion, *Berberich v. Bank of Am., N.A.*, 460 P.3d 440, 443 (2020).  This decision holds that the limitations period in NRS 11.080 does not begin running against an owner who is in undisputed possession until the owner has notice of disturbed possession.  *Id.*  ("[C]onsidering the statutory text as a whole, we conclude the limitations period in NRS 11.080 does not run against a plaintiff seeking to quiet title while still seized or possessed of the property.").  "[M]ere notice of an adverse claim is not enough to commence the owner's statute of limitations."  *Id.*

James C. Mahan
U.S. District Judge

- 4 -

The parties agree "that *Berberich* is now controlling law and is grounds to reconsider the Court's prior order." (ECF No. 44). The prior rulings upon which this court relied are no longer good law. (ECF No. 36). Pursuant to "an intervening change in controlling law," the court's finding that SFR's complaint is time-barred must be reversed. *School Dist. No. 1J,* 5 F.3d at 1263.

Accordingly, this court grants reconsideration. The court's order, ruling on the parties' cross-motions for summary judgment and defendant's motion to dismiss, (ECF Nos. 9, 13, 17), is hereby vacated. (ECF No. 36).

Upon reconsideration, defendant's motions to dismiss and for summary judgment on the issue of timeliness are denied. (ECF Nos. 9, 17). The parties concur that *Berberich* controls this issue in plaintiff's favor. Indeed, this court's prior reasoning no longer holds. Plaintiff's claim is not time-barred under NRS 11.070 or 11.080. *See Berberich v. Bank of Am., N.A.*, 460 P.3d at 450.

### C.  *Plaintiff's motion for summary judgment*

In its briefing for reconsideration, plaintiff requests that this court grant its motion for summary judgment due to defendant's lack of meaningful response. (ECF No. 38). Indeed, defendant's response at the time only bolstered its arguments on plaintiff's untimeliness without addressing its own failure to raise a timely challenge to the sale. (ECF No. 13).

However, defendant responds that summary judgment is improper on that question at this early juncture, citing Federal Rule of Procedure 56(d). (ECF No. 44). Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. Pro. 56(d). "When a summary judgment motion is filed very early in the case, before any realistic opportunity for discovery, time to conduct discovery through a Rule 56(d) … postponement is appropriate." *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). The instant motion for summary judgment was filed less than a year after this case was filed, and discovery had been stayed due to the COVID-19 pandemic. (ECF Nos. 1, 36).

Plaintiff responds that defendant failed to timely raise this argument in response to plaintiff's motion for summary judgment. (ECF No. 46). Indeed, defendant first raises this point now in response to reconsideration, although it was fully apprised of this possibility at an earlier

James C. Mahan
U.S. District Judge

juncture.  (ECF No. 44).  However, upon weighing the equities, this court finds that additional time to develop and identify any affirmative claims—and all other arguments for the parties—is warranted in this case.  Defendant has diligently pursued discovery and has sufficiently described what additional discovery is required to aid in this court's determination.

Thus, plaintiff's motion for summary judgment is denied without prejudice pursuant to Rule 56(d).  (ECF No. 13).  The parties shall confer and appropriately proceed with discovery before this court.

**D.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant BANA's motion to strike, or in the alternative, motion for leave to file sur-reply (ECF No. 47) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiff SFR's motion for reconsideration (ECF No. 38) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED the court's June 11, 2020, order (ECF No. 32) be, and the same hereby is, VACATED,

IT IS FURTHER ORDERED that BANA's motion to dismiss (ECF No. 9) be and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BANA's motion for summary judgment (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 13) be, and the same hereby is, DENIED.

DATED February 1, 2021.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -