UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR Investments Pool 1, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Bank of America, NA, as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP,<br><br>                Defendant. | Case No. 2:19-cv-01534-JCM-DJA<br><br>**ORDER** |
| Bank of America, NA, as successor by merger to BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP,<br><br>                Counterclaimant,<br><br>    v.<br><br>SFR Investments Pool 1, LLC,<br><br>                Counter-defendant. | |

      This is a quiet title action arising out of SFR Investments Pool 1, LLC's purchase of a house at an HOA foreclosure sale and Bank of America, NA's claim that the HOA foreclosure sale did not extinguish its deed of trust on the house. SFR sues Bank of America, asking the Court to find that the HOA sale extinguished Bank of America's deed of trust. Bank of America moves to file an amended answer and counterclaim, arguing that it learned new facts during discovery. Because the Court finds that Bank of America's amendment would not be futile, it grants the motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

## I. Background.

Borrowers Linton A. K. Gamiao, Lindsey D. Gamiao, and Blossom S. F. Gamiao (the "Borrowers") purchased a house with a loan secured by the house. The Borrowers' deed of trust was assigned to Bank of America on October 11, 2011. The Borrowers became delinquent on their HOA dues, after which the HOA recorded a notice of default on June 18, 2013. The HOA recorded a notice of foreclosure sale on January 21, 2014. SFR purchased the house through the HOA foreclosure sale on May 14, 2014.

SFR filed a complaint against Bank of America on September 3, 2019, asking the Court to enter declaratory relief in its favor that the HOA foreclosure sale extinguished Bank of America's deed of trust. The Court granted Bank of America's motion for summary judgment on June 11, 2020. But on February 1, 2021, the Court granted SFR's motion for reconsideration because the Nevada Supreme Court had issued a new ruling which changed the Court's analysis on Bank of America's summary judgment motion. The parties stipulated to reopen discovery after the Court granted the motion to reconsider.

Bank of America moved to amend its answer and counterclaim (ECF No. 62), arguing that it had learned that the HOA's foreclosure sale was improper during the reopened discovery after receiving a response to a subpoena duces tecum to Orange Realty, the Borrower's agent. According to the documents Orange Realty produced, after the HOA recorded the notice of foreclosure sale, the Borrowers retained Orange Realty to sell the house through a short sale. Orange Realty and Assessment Management Service ("AMS")—the HOA's trustee—engaged in settlement discussions and negotiated a final payoff amount for the Borrowers to pay to AMS to satisfy the HOA lien. Bank of America's loan servicer also authorized the sale so long as the net proceeds would satisfy Bank of America's mortgage lien on the property. In line with these negotiations, AMS sent a closing statement to Lawyers Title confirming the settlement and indicating that the Borrowers' payoff was good through May 18, 2014. But on May 14, 2014, the HOA proceeded instead with its foreclosure sale, through which SFR bought the house. Orange Realty emailed AMS to ask why the foreclosure sale went through and AMS responded that there had been an "honest mistake" with the payoff deadline.

SFR responds (ECF No. 64) that the Court should deny Bank of America's motion because amendment would be futile.  SFR argues that: (1) Bank of America's challenge to the HOA sale, new affirmative defenses, and rebuttal to the HOA sale's presumption of validity are barred by Nevada's four-year statute of limitations under NRS 11.220; (2) that Nevada law considers the HOA sale presumptively valid and the default recitals conclusive; and (3) that Bank of America failed to name the HOA, a necessary party to the action.  Bank of America replies (ECF No. 65) that: (1) its claims and affirmative defenses are not subject to the statute of limitations under NRS 11.220; (2) that SFR cannot rely on the deed recitals to establish that the HOA sale extinguished the deed of trust; and (3) that the HOA is not a necessary party.  Bank of America also suggests that SFR's arguments are better raised in a motion to dismiss, rather than as an opposition to Bank of America's motion to amend.

**II.     Standard.**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  The Ninth Circuit has repeatedly cautioned courts to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. V. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III.    Discussion.**

   ***A.     The statute of limitations does not render Bank of America's amendment futile.***

The Nevada Supreme Court has not directly opined on whether and which statute of limitations is applicable to quiet title claims seeking a declaratory judgment that a lien was not extinguished by a subsequent foreclosure.  *See U.S. Bank, N.A. v. Thunder Properties, Inc.*, 958 F.3d 794, 796-97 (9th Cir. 2020).  The Ninth Circuit has certified this question and related questions to the Nevada Supreme Court:

    (1)  When a lienholder whose lien arises from a mortgage for the purchase of a property brings a claim seeking a declaratory judgment that the lien was not extinguished by a subsequent foreclosure sale of the property, is that claim exempt from statute of limitations under *City of Fernley v. Nevada Dep't of Taxation*, 132 Nev. 32, 366 P.3d 699 (2016)?

    (2)  If the claim described in (1) is subject to a statute of limitations:

        (a)  Which limitations period applies?

        (b)  What causes the limitations period to begin to run?

*Id.* The Nevada Supreme Court has yet to opine on these questions.

Here, Bank of America's amendment is not futile on statute of limitations grounds because the Nevada Supreme Court has not decided which statute of limitations applies to the claims or when it would begin to run. SFR claims that Bank of America's amendment is futile because its claims, its affirmative defenses (which SFR asserts are claims masquerading as defenses), and its rebuttal to the presumption of validity SFR claims the HOA sale established are all time barred. But the Nevada Supreme Court has not opined on which statute of limitations applies—if one applies at all—to Bank of America's claims, or even what causes that statute to run. With these questions unanswered, the Court cannot deny Bank of America's motion for leave to amend as futile on statute of limitations grounds.

    **B.**    ***The rebuttable presumption in favor of a record titleholder and the deed recitals do not render Bank of America's amendment futile.***

Neither the rebuttable presumption in favor of a record title holder nor deed recitals are dispositive of all quiet title claims. *See Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 746, 405 P.3d 641, 646 (2017); *see Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing, LLC*, 478 P.3d 376, 378-79 (2020). A party who contests the validity of a foreclosure sale has the burden of showing the sale should be set aside. *See Nationstar*, 133 Nev. at 746, 405 P.3d at 646. To accomplish this, the party must overcome the

rebuttable presumption in favor of the record titleholder.  *See id.*  Additionally, the Nevada Supreme Court has "never accepted the proposition that NRS 116.31166 recitals are dispositive of every conceivable issue in a quiet title action."  *Saticoy Bay*, 478 P.3d at 378-79 (2020).  "[W]e now expressly hold that NRS 116.31166's deed recitals do not render such deeds unassailable."  *Id.* (internal quotations omitted).

Here, Bank of America's amendment is not futile by virtue of the rebuttable presumption in SFR's favor or the deed recitals.  SFR claims that amendment is futile because: (1) the HOA sale is presumed valid; and (2) the sale deed recitals stating that the HOA foreclosed on the super-priority portion of its lien—and thus extinguished Bank of America's deed of trust—is conclusive under NRS 116.31166.  To SFR's first argument, the presumption is rebuttable, and thus Bank of America's amendments are not futile.  To SFR's second argument, the Nevada Supreme Court has refused to find deed recitals dispositive of every issue in a quiet title action.  And Bank of America asserts to have learned new evidence that the HOA foreclosure—without which there would be no deed recitals—should never have happened in the first place.  Bank of America's amendment is thus not futile on either rebuttable presumption or deed recital grounds.

    **C.**   **Bank of America's amendment is not futile because it fails to name the HOA.**

In an action seeking to invalidate an HOA foreclosure sale, "the HOA is, at least nominally, a necessary party to the suit."  *Nationstar Mortgage, LLC v. Maplewood Springs Homeowners Association*, 238 F.Supp.3d 1257, 1268-69 (D. Nev. 2017).  In *Maplewood Springs*—a case in which SFR purchased a house at an HOA foreclosure sale—the Court refused to dismiss an HOA from a quiet title action.  *See id.* at 1264-65, 1268-69.  The Court found that, if the party seeking to invalidate the foreclosure sale succeeded, "ownership of the property would likely revert to the borrower, SFR may be entitled to recover from the HOA, and the HOA's lien against the property may be restored."  *Id.*

Here, just because Bank of America does not name the HOA does not mean that its amendment is futile.  The HOA is likely a necessary party to this action, and as SFR recognizes, SFR may be entitled to recover from the HOA should Bank of America prove successful.  But, that Bank of America does not include the HOA in its proposed amended answer and

counterclaim does not render the amendment futile. It simply means that the HOA likely needs to be added to the case, something which SFR is either capable of doing or of arguing on a separate motion. Because none of SFR's objections to Bank of America's motion for leave to amend its answer and counterclaim demonstrate that Bank of America's amendment would be futile, the Court grants Bank of America's motion.

**IT IS THEREFORE ORDERED** that Bank of America's motion for leave to file its amended answer and counterclaim (ECF No. 62) is **granted**.

**IT IS FURTHER ORDERED** that Bank of America shall file and serve the amended pleading in accordance with Local Rule 15-1(b).

DATED: August 31, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE