UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:19-CV-1534 JCM (DJA)<br><br>ORDER |

Presently before the court is defendant Bank of America, NA's ("BANA") renewed motion for summary judgment. (ECF No. 115). Plaintiff SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 121), to which BANA replied. (ECF No. 126).

Also before the court is SFR's motion for summary judgment. (ECF No. 116). BANA filed a response (ECF No. 120), to which SFR replied. (ECF No. 122).

Also before the court is BANA's errata to correct an exhibit attached to its motion for summary judgment. (ECF No. 123). SFR filed a response. (ECF No. 124).

**I.    Background**

This action involves a dispute over real property located at 9168 Badby Avenue, Las Vegas, Nevada 89148 (the "property"). On May 5, 2006, Linton A.K. Gamiao, Lindsey D. Gamiao, and Blossom S.F. Gamiao (collectively the "Gamiaos") obtained a loan to purchase the property, which was secured by a deed of trust. (*See* ECF No. 1). Republic Mortgage LLC ("Republic") was identified as the beneficiary. (*Id*.). On October 12, 2011, Republic assigned its interest in the deed of trust to BANA. (ECF No. 115 at 5).

**James C. Mahan**
**U.S. District Judge**

On May 25, 2012, Independence Homeowners Association (the "HOA") recorded a notice of claim of delinquent assessment lien for the property after the Gamiaos became delinquent on association dues. (*Id*. at 6). On May 14, 2014, SFR purchased the property at a foreclosure auction. (*Id*. at 9). The resulting foreclosure deed was recorded in the official records of Clark County, Nevada. (*Id*.). On September 3, 2019, SFR filed the underlying complaint, alleging one cause of action: quiet title/declaratory relief pursuant to NRS 40.010. (ECF No. 1).

On August 10, 2022, this court granted BANA's motion for summary judgment and denied SFR's cross-motion for summary judgment. (ECF Nos. 98; 100). This court found that BANA's interest in the property was not extinguished and thus its obligation to tender was excused under Nevada law. (ECF No. 98 at 7). SFR filed an appeal. (ECF No. 106).

The Ninth Circuit vacated this court's order and remanded the matter, finding that there remained "a genuine dispute of material fact as to whether an offer of payment on the HOA's lien 'would have been rejected' if made." (ECF No. 109 at 4). The parties now cross-move for summary judgment. (ECF Nos. 115; 116).

**II.    BANA's Motion for Summary Judgment**

    A. <u>Legal Standard</u>

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A

**James C. Mahan**
**U.S. District Judge**

- 2 -

principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of

**James C. Mahan**
**U.S. District Judge**

- 3 -

the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

      B. <u>Discussion</u>

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for oral argument. LR 78-1. As an initial matter, the court grants BANA's request for judicial notice of certain facts, which SFR does not oppose. *See* Fed. R. Evid. 201.[1]

BANA argues that SFR's title to the property remains subject to BANA's deed of trust under the excused tender doctrine. (ECF No. 115 at 17). SFR opposes, arguing that the doctrine does not apply. (ECF No. 121 at 5).

Under this doctrine, a deedholder can preserve its deed of trust in a foreclosure without tendering on an HOA lien. *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (Nev. 2020) ("*Perla*"). Two conditions must be satisfied: "(1) the homeowners' association agent had a 'known policy of rejecting any payment for less than the full lien amount[;]' and (2) 'Miles Bauer and [BANA] had knowledge of this business practice[.]'" *Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2023 WL 5017237, at *3 (D. Nev. Aug. 3, 2023) (quoting *Perla*, 458 P.3d at 351).

---

[1] BANA also filed an errata to correct an exhibit to its motion for summary judgment. (ECF No. 123). The court declines to strike this exhibit. BANA unintentionally filed Exhibit CC twice.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Here, Assessment Management Services ("AMS") was entitled to payment.[2] (ECF No. 115 at 3). On appeal, the Ninth Circuit found that AMS had a known policy of rejecting payments tendered by Miles Bauer Bergstrom & Winters, LLP ("Miles Bauer"), based on its conditional "paid in full" language. (ECF No. 109 at 4).

Any further analysis under Nevada law was unnecessary. However, the Ninth Circuit went a step further and found that the record does not establish "that AMS had any known policy of rejecting payments not made by Miles Bauer or unaccompanied by conditional language, and it is not evident that tender on this lien would have been made in either of those ways." (*Id.*).

The doctrine is clear: AMS must have had a "known business practice to systematically reject any check tendered for less than the full lien amount." *Perla*, 458 P.3d at 351; *see Bank of Am., N.A. v. Trashed Home Corp.*, 527 P.3d 968 (Nev. 2023) (finding that ACS's policy of rejecting checks accompanied by "paid in full" language constituted a "known policy of rejecting tender payments" under *Perla*).

It cannot be disputed that AMS had a known policy of rejecting tenders that were for less than the full lien amount, and that the BANA tenders were accompanied by paid in full language. (*See* ECF No. 115). Moreover, the court finds that Miles Bauer and BANA had knowledge of AMS's policy of rejecting tenders.[3] (*Id.* at 23). Therefore, tender of the HOA lien would have been futile and is therefore excused.

The Ninth Circuit also found that because Carrington Mortgage Services[4] ("Carrington") serviced the loan, it would have been responsible for tendering to AMS, and it was unclear how

---

[2] AMS is the collection agent for the HOA lien.

[3] SFR does not meaningfully dispute the second condition of the excused tender doctrine.

[4] Carrington is BANA's agent. (*See* ECF No. 115).

James C. Mahan
U.S. District Judge

- 5 -

it would have done so. (ECF No. 109 at 4). While Carrington serviced the loan, BANA was the beneficiary of the deed of trust. Thus, BANA was entitled to tender as the beneficiary. *See SFR Invs. Pool 1, LLC v. U.S. Bank Nat'l Ass'n*, No. 3:20-CV-00604-MMD-CSD, 2024 WL 1632840, at *1 (D. Nev. Mar. 27, 2024). BANA's motion for summary judgment is granted.

### C. SFR's Motion for Summary Judgment

SFR cross-moves for summary judgment, arguing that the HOA sale extinguished BANA's deed of trust, and SFR took title of the property free and clear of BANA's lien. (ECF No. 116). Because the court grants BANA's motion for summary judgment, SFR's cross-motion is denied as moot.

### D. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 115) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 116) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that SFR's request to strike BANA's errata (ECF No. 123) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that BANA shall submit a proposed judgment consistent with the foregoing within fourteen (14) days of this order.

DATED February 10, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**